UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 14-cv-363 |
| v. | ) ) ) **COMPLAINT** |
| V&B LLC, d/b/a MERRY MAIDS, | ) (Jury trial demanded) ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990 (as amended by the Americans with Disabilities Amendments Act of 2008), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and disability and to provide appropriate relief to Belinda S. Sternemann, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that on June 3, 2011, V&B LLC, doing business as "Merry Maids," discharged Ms. Sternemann on the basis of her sex (female/pregnancy) and because it regarded her as disabled by her pregnancy-related medical conditions.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended (42 U.S.C. § 2000e-5(f)(1) and (3)), Section 102 of Title I of the Civil Rights Act of 1991 (42 U.S.C. § 1981a), and Section 107(a) of the Americans with Disabilities Act ("ADA"), as amended (42 U.S.C. § 12117(a)), which incorporates by reference Section 706(f)(1) and (3) of Title VII.

2. The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII and the ADA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII.

4. At all relevant times, defendant V&B LLC ("V&B"), doing business as "Merry Maids," has continuously been a corporation doing business in Wisconsin, in addition to doing business in other states and countries, and has continuously had at least 15 employees.

5. At all relevant times, V&B has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII (42 U.S.C. §§ 2000e(b), (g), and (h)) and Section 101(5) of the ADA (42 U.S.C. § 12111(5)) and Section 101(7) of the ADA (42 U.S.C. § 12111(7)), which incorporates by reference Sections 701(g) and (h) of Title VII.

6. At all relevant times, V&B has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Belinda S. Sternemann filed a charge with the EEOC alleging violations of Title VII and Title I of the ADA by V&B.

8. On October 28, 2013, the EEOC determined that there was reasonable cause to believe that V&B had discriminated against Ms. Sternemann when it discharged her on the basis of her sex and her medical condition. It found that, so doing, V&B had violated both Title VII and Title I of the ADA, as amended.

9. The conciliation efforts required by law have occurred and were unsuccessful.

(a) On October 28, 2013, the EEOC issued to V&B a "Determination" letter inviting V&B to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief to Ms. Sternemann.

(b) On February 11, 2014, the EEOC issued to V&B a letter advising V&B that, despite its efforts, the EEOC was unable to secure from V&B a conciliation agreement acceptable to the EEOC.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least June 3, 2011, V&B has engaged in unlawful employment practices in violation of Section 703(a) of Title VII (42 U.S.C. § 2000e-(2)(a)) and Section 102(a) of the ADA (42 U.S.C. § 12112(a)) by discharging Ms. Sternemann on the basis of her sex and because it regarded her as disabled by pregnancy-related medical conditions.

12. Ms. Sternemann worked for V&B as a "Merry Maids" house cleaner from April 7, 2009, to June 3, 2011. At the time of her discharge, she was "Team Captain" on a two-person crew. In January 2011, she told V&B that she was pregnant with twins and that her due date was in October 2011. During her pregnancy, her doctor ordered her not to drive long distances or lift more than 20 pounds, but Ms. Sternemann was able to continue working because the other

employee on her crew could do the driving and assist her with any heavy lifting. V&B also considered having Ms. Sternemann perform administrative tasks in V&B's office, but did not have her do so because of its alleged concern that she might faint, fall, and hurt her twin fetuses.

13. Despite V&B's fears, Ms. Sternemann had no performance issues and remained a proficient employee. Her pregnancy and pregnancy-related health conditions did not prevent her from performing the essential functions of her job.

14. Starting in mid-May 2011, Ms. Sternemann had three fainting spells. Before each one, she foresaw the fainting and was able to control the situation to ensure her safety. Her doctor explained that her fainting spells were caused by her twin fetuses resting on an artery that supplies blood to the brain, but that, as the fetuses continued to develop, they would shift off of the artery and the risk of fainting would subside.

15. Ms. Sternemann shared all of this information about her fainting spells with V&B. V&B did not ask for medical notes from her doctor to clarify her pregnancy-related health issues, nor did it request permission to confer with that doctor. Instead, on June 3, 2011, V&B co-owners Vern Covington and Beth Pinzer gave Ms. Sternemann a letter in which they said that they were terminating her employment, effective that day, because "we can't take the chance of you being in a home, passing out and hurting yourself and/or your unborn babies."

16. The effect of the practices complained of in Paragraphs 11 through 15 above has been to deprive Ms. Sternemann of equal employment opportunities, and otherwise adversely affect her status as an employee because of her sex and perceived disability.

17. The unlawful employment practices complained of in Paragraphs 11 through 15 above were intentional.

18. The unlawful employment practices complained of in Paragraphs 11 through 15

above were done with malice and with reckless indifference to Ms. Sternemann's federally-protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining V&B and its subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on pregnancy and disability.

B. Order V&B to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order V&B to make whole Ms. Sternemann by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraphs 11 through 15 above.

D. Order V&B to make whole Ms. Sternemann by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in Paragraphs 11 through 15 above, including medical expenses, emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order V&B to pay punitive damages to Ms. Sternemann for its malicious and reckless conduct, as described in Paragraphs 11 through 15 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
131 M Street, N.E.
Washington, DC 20507

John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

EEOC Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL 60661
*Telephone*: (312) 869-8116 (Kamp)
*Fax*: (312) 869-8124
*E-mail*: john.hendrickson@eeoc.gov
*E-mail*: jean.kamp@eeoc.gov

Dated: March 31, 2014  *s/ Dennis R. McBride*_____
Dennis R. McBride (WI Bar No. 1000430)
Senior Trial Attorney

EEOC Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800

Milwaukee, WI 53203-2292
*Telephone*: (414) 297-4188
*Fax*: (414) 297-3146
*E-mail*: dennis.mcbride@eeoc.gov